CHARLES T. GREEN *vs.* INHABITANTS OF NORTH YARMOUTH.

*Injury to wife's property—action for.*

A husband cannot, even with his wife's consent, maintain an action in his own name alone, for an injury to his wife's horse occasioned by a defect in a high-way, while he, having exclusive possession and control of the horse with the wife's consent, was driving along the road alone.

ON EXCEPTIONS to the rulings of *Goddard*, J., of the superior court for the county of Cumberland.

CASE, for injury to a horse occasioned solely by a defect in a highway, which the defendants were bound to keep in repair.

The case was tried by the justice without the intervention of a jury, subject to exceptions in matters of law.

The justice found that the plaintiff was carefully driving the horse at the time of the injury; that the injury was occasioned solely by a defect in the road; and that the defendants had reasonable notice of the defect.

He further found that the horse was the property of the plaintiff's wife, but that the plaintiff was at the time alone, and having exclusive possession of the horse, exercising full control over it with the consent of his wife, and that this action is brought with her consent.

The justice ruled, among other things, that the plaintiff, having exclusive possession and full control of the horse at the time of the injury, and the suit being brought by his wife's consent, may maintain the action in his own name.

To which ruling the defendants alleged exceptions.

*Davis & Drummond,* for the defendants.

*T. H. Haskell,* for the plaintiff.

WALTON, J. The question is, whether a husband can maintain an action in his own name alone for an injury to his wife's property, provided he has the exclusive possession and full control of the property at the time of the injury, and the action is brought with the wife's consent.

We feel constrained to answer that he cannot. The law expressly forbids it. The wife may prosecute and defend suits at law, or in equity for the preservation and protection of her property, either alone or jointly with her husband; but the law expressly declares that the husband alone can maintain no action respecting his wife's property. R. S., c. 61, § 3; Act 1852, c. 227; *Collen* v. *Kelsey,* 39 Maine, 298; *Woodman* v. *Neal,* 48 Maine, 266.

*Exceptions sustained.*
*New trial granted.*

APPLETON, C. J.; CUTTING, KENT, BARROWS, and DANFORTH JJ., concurred.